IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

GERALD DEXTER JONES,

                        Plaintiff

        VS.                                          NO.  3:06-CV-33 (CDL)

IRA EDWARDS, *et al.*,

                        Defendants          **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                            **BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

On November 28, 2006, defendants CATHY MINISH and DR. McMUNN filed a motion seeking summary judgment against plaintiff GERALD DEXTER JONES in the above-styled case. Tab #46.  On December 5, 2006, the undersigned issued an order directing plaintiff to file responses to the defendants' motions.  Tab #52.  Having been given more than an ample time to respond, plaintiff has failed to do so.

Although plaintiff has not filed a response to the defendants' motions, it is still the responsibility of the court to ensure that the defendants have met the summary judgment standard and that there are no unanswered issues of fact to be determined before the court can grant judgment.

### SUMMARY JUDGMENT STANDARD[1]

As previously indicated to the plaintiff in the court's notice (Tabs #51 and #52), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

---

[1]The undersigned has heretofore recommended that Defendant IRA EDWARDS be dismissed from this action based on the plaintiff's failure to exhaust his administrative remedies. **Tab #55.** Defendants Minish and McMunn did not assert that affirmative defense.  And even though the under-signed previously recommended dismissing the claims against defendant Edwards on the exhaustion grounds, the same cannot be done with defendants who have not affirmatively pled the defense of failure to exhaust administrative remedies.  *See **Jones v. Boch**,* 127 S.Ct. 910 (2007) (Making clear that failure to exhaust administrative remedies is an affirmative defense which must be pled by defendants). Since these defendants have not made such a pleading, this court must look to the merits of the case with respect to defendants Minish and McMunn.

*The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot</u> <u>rest</u> <u>on</u> <u>his</u> <u>pleadings</u> to present an issue of fact but <u>must</u> <u>make</u> <u>a</u> <u>response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

The plaintiff has failed to respond to defendants' motions for summary judgment despite specific direction from the court to do so. Accordingly, based upon the defendants' motion and the other records provided, this court finds the facts as set forth by the defendants in their motions and other pleadings and further finds that there is no genuine dispute on any issues raised by plaintiff.

The instant suit alleges that plaintiff was injured when he slipped and fell while taking a shower and that plaintiff received inadequate medical care. However, there is no evidence in the record that the plaintiff ever even fell in the shower, or that any defendant had any knowledge of any medical need on behalf of the plaintiff which is required for a finding of a constitutionally deficient medical care in prison. *See generally* Affidavit of Michael McMunn and the medical records attached to Tab #47).

Because the plaintiff has failed to provide *any* evidence to support his contentions, there is no dispute over any material fact. Therefore, IT IS RECOMMENDED that defendants McMunn and Minish's **MOTION FOR SUMMARY JUDGMENT** (Tab #46) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 18th day of JULY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE